The next case is Jackson v. Ramirez. May it please the Court, good morning, judges. This case involves privacy and confidentiality, an atmosphere of trust, speech, breach by the defendants to the patient's detriment for no good reason. And also, this involves speech, protected speech, privilege from disclosure to the public which was also violated to the patient's detriment. Breach of contract, numerous things in violation of the patient's rights, fraud, misrepresentation, and there's a question of subject matter jurisdiction which the defendants at the time, at some stages in the case, did not give the courts subject matter jurisdiction to bring a claim or accusation against the patient, pretty much. Summary judgment also is a question in district court that's questionable. None of the defendants were competent to submit evidence, firsthand knowledge because they had none, to use a motion to dismiss. The only competent person in this case to date is the patient, claimant, appellant that has appeared before any of the courts thus far. So, I think it was, I believe, according to law, that it was no merit to dismiss the case as the defendants had no standing. That's pretty much it. Okay, we'll hear from your adversaries and then you've reserved three minutes of rebuttal. Thank you, Mr. Jackson. Good morning. David Lawrence, III, Assistant Solicitor General, appearing on behalf of the State Defendants Appellees. The Eleventh Amendment bars the plaintiff's claims as against the State Defendants in their official capacities. Also quasi-judicial immunity bars the plaintiff's claims against A.L.J. Porter for her alleged acts in presiding over a plaintiff's revocation hearing because she was performing a function that is comparable to that of a judge. In fact, plaintiff merely contends that A.L.J. Porter was biased against him, which cannot overcome her immunity. Quasi-judicial immunity also bars plaintiff's claims against the prorogation specialists Bolton and Burgess for their acts in initiating and prosecuting the prorogation proceeding. This includes plaintiff's allegations that they introduced false testimony or false evidence against him. That's squarely on point with the Imler v. Packman case, which also involved a claim of introducing false testimony or false evidence, and the Court held that there was immunity in that case. Furthermore, plaintiff states no valid substantive due process claim based on his therapist and parole officer Ramirez allegedly discussing with each other his failure to attend therapy sessions, his psychiatric diagnosis, or his medications. In fact, Ramirez had a valid interest in receiving this information to ensure the plaintiff was accountable, and so that he would not decompensate and again offend, thereby violating the conditions of his parole. Plaintiff also states no valid First Amendment retaliation claim by alleging that Ramirez sought to retaliate against plaintiff for threatening plaintiff's therapist. That is because plaintiff alleges no reason why Ramirez would have any motive to violate the law for the therapist's benefit. I see that I'm almost out of time. I'll simply close by saying that the plaintiff has waived all of his remaining claims by failing to brief them on appeal, and that this Court should affirm the judgment of dismissal. Thank you. If it may please the Court, Milan Spisak from Wilson-Elser. We represent the appellee, Maria DeMeo. At the outset, I'd like to point out that neither in oral argument nor in his papers does the plaintiff submit reasons why the lower court's decision should be overturned. Ms. DeMeo's position in this is that she was the social worker who had spoken to the parole officers and explained to them that Mr. Jackson was missing treatment and that he had threatened her. The Second Circuit has, and this was a reasonable disclosure considering the conditions of the plaintiff's parole, which was to seek and maintain a therapeutic program. It was the parole officer's duties to verify that the plaintiff complied with the issues of his parole. Their allegations that DeMeo and Romero spoke of the alleged threats and failure to attend therapy without more does not permit an inference of a conspiracy under a 1983 conspiracy claim when, to the fact, when DeMeo did have to appear at the parole officer revocation hearing, she testified pursuant to subpoena, she testified that she didn't want to appear at the hearing, and she had to be driven to the hearing. So alleging that a private party regularly interacts with a state actor does not create an inference of an agreement to violate the plaintiff's right. It's just a naked assertion. And very quickly, since I see I'm running out of time, Ms. DeMeo did not violate any privacy rights. Privacy rights can be limited by conditions of parole. HIPAA does not create a private cause of action. And if the court was to consider Ms. DeMeo a state actor, only the most egregious official conduct that shocks the conscience will subject her to liability, and that just doesn't exist. She was merely responding to questions of the parole officer who is investigating whether Mr. Jackson had violated the conditions of his parole. Thank you very much. Good morning. May it please the court, Angela Amrabato of the law firm of Chiavetti Corrigan D. Edwards Weinberg and Nicholson for the defendant appellee, Crisanta Rockwell, a nurse practitioner in this appeal. The district court properly determined that Crisanta Rockwell was not a state actor pursuant to 42 USC 1983, that there was no cognizable private right of action under HIPAA, that plaintiff failed to state a valid conspiracy claim, and that the state-based claims sounding in intentional infliction of emotional distress were time barred. Therefore, this circuit should affirm the decision and order of the district court. First, and perhaps most significantly, the appellant has failed to address defendant appellee Ms. Rockwell in his brief, and therefore his silence, as to Ms. Rockwell, constitutes a waiver of any claims on this appeal under Jones versus Hashtagin. However, if this circuit determines that the appellant has not waived the claims sounding in 42 USC 1983, Ms. Rockwell, nevertheless, was not a state actor subject to these claims under 42 USC 1983. The appellant's pleadings fail to allege facts sufficient to classify her as a state actor or that she was acting under the color of state law for liability purposes. In fact, she was an employee of Montefiore Medical Center, a domestic not-for-profit hospital, which is neither a state or federal governmental branch or agency. That being said, there's also no plausible substantive due process claims under the facts alleged here. Here, Ms. Rockwell, here the appellant has failed to allege that the facts that Ms. Rockwell did anything that would shock the conscience of the court, were not sufficient to be actionable as a violation of a substantive due process claim under Collins. Even assuming for the sake of the argument that Ms. Rockwell disclosed information to Mr. Jackson's parole officer, at most, Ms. Rockwell acted negligently. However, mere negligence is never going to rise to the level of a substantive due process violation under O'Connor. I see that I'm running out of time. However, I would like to just address one other point, which is, while Mr. Jackson's medical records would be considered confidential, given the fact that they were psychiatric records, It's apparent that Mr. Jackson consented to the release of his medical history, and therefore would not have a protected privacy interest here. The district court was concerned about the privacy interest, and assumed that he did not consent. But again, even under that analysis, if anything, Ms. Rockwell acted negligently, not to the level of a substantive due process violation. Finally, with respect to the claims of conspiracy, they're not applicable as to Ms. Rockwell, because her last contact with Mr. Jackson was on March 8th. She had nothing to do with the parole hearing. She didn't testify at the parole hearing. And therefore, there would not be any conspiracy violation towards her. Therefore, this court should affirm the order of the district court. Thank you. Mr. Jackson? In regards to Rockwell, there was no discovery. That's hearsay. We never found out at what point she was accessible, involved in this case. But we do know that it was her idea that they got the ball rolling on this conspiracy. And in regards to 1983, RICO would be applicable to the hospital. RICO would be applicable to the hospital, not so much 1983. And also, this involves the First Amendment, which was clearly established as for absolute immunity. I would say, the fact of the matter is that that court did not have jurisdiction. Subject matter jurisdiction. Patient information is privileged, so that those hearings that took place is a nullity. So, that court lacked jurisdiction, a subject matter. And also, it's clearly established that the hospital was aware that this threat was made up. The medical records don't show any threat, no attempt to avert the threat. The next thing after the alleged threat was a new appointment. And during testimony, the male specifically said, she thought I was getting over on parole. And another thing with the condition of parole, it's not connected to any criminal activity. I wasn't sentenced to mental health treatment. So, it's not reasonable. It's unreasonable. And the court shouldn't support that. And that's pretty much it for now. But it is a First Amendment violation. And I think that the district court did not address the issue that we're talking about speech. Just totally ignored it. This is a statement. And it's protected. There's no threat. Doesn't meet any of the requirements for a true threat. So, the speech is protected from state infringement and abuse, and also as a function of state property, pretty much, at that time. I was acting for the state, not as punishment, but doing something for the state, which creates immunity for me, the patient. Technically. So, going against me would be going against the state. Which is understandably means the parole officers was not acting for the state. They were acting against the state's interest, which they don't have immunity for that. Thank you. Thank you all for your arguments. Thank you, Mr. Jackson. We have your briefs and we will consider them carefully. We're going to take the matter under advisement. It's the last matter to be argued on the calendar this morning, so I'll ask the clerk to adjourn court. Court is adjourned.